United States District Court
For The Western District of Wisconsin

| | |
|---|---|
| **United States of America,**<br><br>Plaintiff,<br><br>vs.<br><br>**Joshua J. Kostka and**<br>**Darcy L. Hernandez,**<br><br>Defendants. | Case No. 11-CV-783<br><br>**DEFAULT JUDGMENT AND**<br>**ORDER OF SALE** |

Upon consideration of the United States' Motion for Entry of Default Judgment and Order of Sale, and this Court's finding that good cause exists for the granting of United States' motion, it is **ORDERED** as follows:

1. The United States' motion is GRANTED;

2. JUDGMENT shall be entered, in favor of the United States and against defendant Joshua J. Kostka, for unpaid 1999, 2000, and 2001 individual federal income taxes, penalties, and interest in the total amount of $18,089.43 plus statutory interest under 26 U.S.C. § 6621 after June 18, 2012, until paid;

3. The United States has valid and existing federal tax liens against all property and rights to property owned by defendant Joshua J. Kostka;

4. The United States' liens against Joshua J. Kostka are foreclosed against the subject property described below, and such property is to be sold pursuant to 28 U.S.C. §§ 2001 and 2002 in the manner set forth below.

    A. The real property upon which the United States seeks to foreclose its federal tax liens is legally described as:

        Northeast Quarter of the Northwest Quarter (NE 1/4 NW 1/4), Section 18, Township Forty-Six (46) North, Range Six (6) West, Town of Mason, Bayfield County, Wisconsin.

        (the " Property").

8570256.2

B. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS"), is authorized to offer for public sale and to sell the Property.

C. The terms and conditions of the sale are as follows:

   i. The sale of the Property shall be free and clear of the interests of all parties in the suit.

   ii. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

   iii. The Property shall be sold by public auction to be held either at the courthouse of the county or city in which the Property is located or on the Property's premises;

   iv. The PALS shall announce the date and time for sale;

   v. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Bayfield County, Wisconsin, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

   vi. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

   vii. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Western District of Wisconsin, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not

presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

  viii.  The successful bidder(s) shall pay the balance of the purchase price for the Property within sixty (60) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Western District of Wisconsin shall be given to PALS who will deposit the funds with the clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the outstanding federal income tax liabilities of Joshua J. Kostka at issue in the Complaint. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder.

  ix.  The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to further Order of this Court.

  x.  The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service shall execute and deliver its deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

  xi.  When this Court confirms the sale, the Recording Official of Bayfield County, Wisconsin shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

D.  Until the Property is sold, Joshua J. Kostka and Darcy L. Hernandez shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition. They shall neither commit waste against the Property

nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

E. All persons occupying the Property shall vacate the Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Property 30 days after the date of this Order is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. Checks for the purchase of the personal property shall be made out to the Clerk of the Clerk for the Western District of Wisconsin and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

F. Pursuant to the Judgment in this case, the United States has a lien interest in the Property in the amount of $18,089.43 plus costs and statutory interest and additions accruing on that amount.

G. Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith

or other person to change or install locks or other security devices on any part of the Property.

H. After the Court confirms the sale, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified:

  i. First, to the United States Treasury, for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

  ii. Second, in equal parts to (a) the United States for the 1999-2001 federal income tax liabilities of Joshua J. Kostka, plus all interest and penalties due and owing and (b) Darcy L. Hernandez; and

  iii. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

IT IS SO ORDERED.

Entered this 22d day of June, 2012.

Barbara B. Crabb
BARBARA B. CRABB
UNITED STATES DISTRICT JUDGE

8570256.2